SARAH E. FELLOWS, ADMINISTRATRIX, ETC.,

v.

THE ST. LOUIS BRIDGE COMPANY ET AL.

*Instruction to Jury to Find for Defendant—At Close of Plaintiff's Case—When Proper—Effect of Decision on Former Appeal—Practice.*

1. The court is only justified in instructing the jury to find a verdict for the defendant when the evidence, with all the inferences that may be justly drawn therefrom, is so insufficient to support a verdict for plaintiff, that the court would be compelled to set it aside if rendered.

2. Views expressed by this court on a former appeal can not be considered conclusive upon the present hearing, when material evidence is in the record which was not given at the first trial.

[Opinion filed December 7, 1892.]

IN ERROR to the City Court of East St. Louis, Illinois; the Hon. BENJAMIN H. CANBY, Judge, presiding.

Messrs. JESSE M. FREELS and WILLIAM P. LAUNTZ, for plaintiff in error.

Messrs. G. & G. A. KOERNER, for defendants in error.

MR. JUSTICE GREEN. In the trial of this cause, after the evidence on behalf of plaintiff had been introduced, the court, at the request of counsel for the defendants, gave to the jury this instruction: "The court instructs the jury that the

plaintiff has failed to prove the material allegations of the declaration, and the verdict must be for the defendants." In obedience to the instruction the jury returned a verdict for defendants, and thereupon plaintiff's counsel, on her behalf, entered a motion for a new trial, which motion the court overruled and rendered judgment against plaintiff for costs.

Several errors are assigned, but if the action of the trial court in directing the jury to find for defendants was error, it was of itself error of such a character as to require us to reverse the judgment. Hence we deem it unnecessary to refer to the other errors assigned. The court may properly instruct a jury to return a verdict for the defendant, when the evidence, with all the inferences that may be justly drawn therefrom, is so insufficient to support a verdict for the plaintiff that the court will be compelled to set it aside. Ambler v. Whipple, 139 Ill. 332.

Nor should a cause ever be withdrawn from the jury unless the testimony is of such a conclusive character as to compel the court, in the exercise of a sound judicial discretion, to set aside a verdict returned in opposition to it. L. S. & M. S. Ry. Co. v. Johnson, 135 Ill. 641; J. A. & N. Ry. Co. v. Velie, 29 N. E. Rep. 707. Applying the rule announced in the cases cited to the evidence as we find it to be in this record, leads us to the conclusion that the court erred in giving the jury the instruction complained of. There was evidence, uncontradicted, tending to prove the negligence charged, and which the plaintiff was entitled to have considered by the jury. Counsel for appellees in their printed brief have referred to the opinion filed in this cause and appearing in 39 Ill. App. 456, as decisive of the case now presented, and insist if the views therein expressed are adhered to by this court, an affirmance of the judgment must result. It is sufficient, in reply to this suggestion, to say, in this record much additional evidence appears on behalf of plaintiff, not appearing in the former record, to support the charge that the track was not safely and properly constructed, and defendants at the last trial introduced no evi-

dence on their behalf. The two records differ in material respects and the question now decided was not presented before.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*