## ILLINOIS CENTRAL RAILROAD COMPANY

## v.

## FRANCESKA NOWICKI, ADMINISTRATRIX.

*Railroads—Negligence—Personal Injuries—Contributory Negligence.*

1. While in an action for personal injuries based upon the negligence of the defendant, it is an essential element of the plaintiff's case that the injured party must have been in the exercise of ordinary care, it is not indispensable that such fact should be directly shown by affirmative evidence.

2. The instinct of self-preservation is an element of evidence of which the jury may take notice in such case, and in the absence of all testimony upon the subject, find that a deceased person, in obedience to the ordinary instincts of mankind, exercised that care for his safety which a prudent man would, under the same conditions, have made use of.

3. It is not conclusive proof of negligence that one when injured was standing upon the track of a railroad.

4. It is only where the conclusion of negligence or a want of it necessarily results from the statement of the facts, that the court can be called upon to say to the jury that such facts, as a matter of law, either establish, or fail to show negligence.

[Opinion filed December 29, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Jonas Hutchinson, Judge, presiding.

The place where the accident occurred concerning which this suit was brought, is in South Chicago, at a point on the line of the Illinois Central Railway at its intersection with what is commonly called 83d street. This street is but about one block in length, beginning at Huston avenue on the east and extending to and terminating at Commercial avenue on the west, which latter avenue runs along the west side and is parallel with the railroad tracks. The railroad here consists of two main tracks, the one farthest east being the south-bound track, and the one on the west being used by the north-bound trains. The crossing of 83d street and the Illinois Central is used a great deal, some 200 workmen going over it on their way to and from work. The two tracks at this point extend in a straight line north and south, crossing 83d street at right angles, but immediately south of the crossing they curve to the southwest, and at a distance of about 100 feet from the said street, cross the tracks of the Baltimore and Ohio Railroad.

Upon the evening in question, and but a moment before the accident, a south-bound suburban passenger train had stopped with its engine at this tank, the remainder of the train extending northwardly on the east track across the

whole of 83d street. Just as the south-bound train had begun to move from this position, but before its rear cars had yet cleared the street crossing, the north-bound train, which is the one which struck the deceased, passed over the crossing on the west track.

The deceased, George Nowicki, was a man forty-five years of age, a mill worker, earning $50 dollars a month. His wife says he left home about four o'clock in the afternoon to transact some business at a real estate office in South Chicago, and it is supposed that while returning home along 83d street, and coming from the west, he reached the railroad tracks, and there found the crossing blocked by the south-bound train standing on the east track, and that while standing waiting for it to pull away, he was struck by the train coming north.

The engineer of the north-bound train says, that when he approached 83d street crossing, he was standing up in the west side of his cab leaning out of his window, looking ahead; that just as the engine got on the crossing he saw some dark object rolling away from the corner of the pilot of his engine; that this was the first intimation he had that he had struck any one; that he immediately applied the air brakes and stopped the train almost instantly, so quickly, indeed, that, although he only had four cars in the train, he succeeded in stopping it so as to leave his rear coach standing south of the street; that when he went back he found the deceased in a dying condition, lying a few feet west of the west rail and a little north of the center of the street. The bell of the engine was ringing and the headlight burning brightly at the time, the engine moving at a speed estimated at from ten to fifteen miles per hour, being behind time when the accident occurred. There were various obstructions, such as ties and tool houses, which to some extent obstructed a view of a train approaching the crossing from the south. There were no gates at the crossing and no flagman. The deceased was a sober, industrious man.

There was a finding and judgment for the plaintiff, from which appellant prosecutes this appeal.

Messrs. C. V. Gwin and Sidney F. Andrews, for appellant.

Messrs. Gibbons, Kavanagh & O'Donnell, for appellees.

Mr. Justice Waterman.   It is insisted that there is no evidence that at the time of the injury the deceased was exercising ordinary care.

While it is true that in an action for personal injuries, based upon the negligence of the defendant, it is an essential element of the plaintiff's case that the injured party must have been in the exercise of ordinary care, yet it is not indispensable that such fact should be directly shown by affirmative evidence.   There is in all men a natural instinct of self-preservation, and such instinct is an element of evidence of which the jury may take notice, and, in the absence of all testimony upon the subject, find that a deceased party, in obedience to the ordinary instincts of mankind, exercised that care for his safety which a prudent man would under the same conditions have made use of.   Johnson v. Hudson Ry. Co., 20 N. Y. 65–69; Allen v. Willard, 57 Penn. St. 374–380; Northern Ry. Co. v. Price, 29 Md. 420–438.

Nor is it conclusive proof of negligence that one, when injured, was standing upon the track of a railroad.   Northern Ry. Co. v. Price, 29 Md. *supra.*

The deceased had a right to cross appellant's track at the place where he was struck; and we can not say that it was unreasonable for him to infer that while one of appellant's passenger trains was standing at the crossing, presumably for passengers to get on or off the same, another train would not be run by at a dangerous rate of speed.   Pennsylvania Co. v. Keane, 41 Ill. App. 317.

The jury, upon questions specially submitted to them at the instance of appellant, have found that the deceased could not, by the use of ordinary or reasonable care or prudence, have seen or heard the approaching train before attempting to cross the track.   We do not find in this record anything that would warrant us in saying that such finding is unsupported by the evidence.

It is also urged that the jury should have been instructed that the failure to have gates or keep a flagman at this crossing was not, of itself, evidence of negligence, but that before the jury would be warranted in finding the railway company negligent in not keeping a flagman or gates at such crossing, it must be first shown that the said crossing is more than ordinarily hazardous, and that the circumstances and surroundings of the crossing are of such a character that common prudence would dictate, and the exercise of ordinary care for the safety of the public require, that the railway company place a flagman or erect gates at such crossing.

It is impossible for us to say, as a matter of law, that railway companies are only required to erect gates or place flagmen at crossings which are more than ordinarily hazardous; how dangerous the ordinary grade crossing is, we do not know, nor what means, if any, outside of statutory and police regulations, it is the duty of railway corporations to adopt for the safety of the public at ordinary crossings.

Much, in this regard, would seem to depend upon the care exercised by the company in the running of its trains, and the speed at which they are driven over the crossing in question. The instruction, as asked, omitted important things which should be considered in determining the question of negligence, and there was no error in refusing to give it.

It is only where the conclusion of negligence, or a want of it, necessarily results from the statement of the facts, that the court can be called upon to say to the jury that such facts, as a matter of law, either establish, or fail to show, negligence. Lincoln Ill. Co. v. Johnson, 37 Ill. App. 453; L. S. & M. S. Ry. Co. v. Johnsen, 135 Ill. 641.

It is urged that the court erred in striking from the fourth instruction asked by appellant, the words applicable to the conduct of the deceased, " having in view all the known dangers of the situation."

Had these words remained in the instruction, the jury might have doubted whether by " known dangers " was

meant those which the deceased knew, or those which actually existed and were known to others—the parties operating the train, or the railroad company.

There was no evidence that the deceased knew that a train was approaching from the south at the rate of fifteen miles an hour, or would run over the crossing without stopping.

The jury have specially found that the deceased was exercising ordinary care for his safety at and before the time he was injured, and that the train by which he was struck and killed was moving at a reckless and improper rate of speed; the instructions given fairly presented the law applicable to the case, and we find no error requiring a reversal. The judgment of the court below will therefore be affirmed.

*Judgment affirmed.*