## Lake Shore Foundry Company v. Adam Rakowski.

1. DUE CARE—*Exercise of, a Question of Fact.*—It is a question of fact to be determined by the jury from the evidence, and not a question of law, whether an injured person has exercised ordinary care to avoid injury.

2. SAME.—*When the Verdict Will Be Set Aside.*—It is only where the conclusion of want of due care necessarily results from the facts so that all reasonable minds pronounce it so without hesitation, that the court may say as a matter of law that such facts fail to establish the exercise of due diligence and care.

Memorandum.—Action for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed May 28, 1894.

The opinion states the case.

WOLFRED N. LOW and GEORGE E. READ, attorneys for appellant.

O'DONNELL & COGHLAN, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee was employed by the appellant as a general laborer, and on the day he was injured, was required to work a crank used in operating a crane for hoisting heavy weights in the foundry of the appellant.

While so engaged, the crank slipped off the shank of the shaft to which it was applied, and caused the appellee to fall in such a way that one of his hands was caught between some cog wheels that formed a part of the machinery of the crane, and the loss of four of his fingers resulted.

From a judgment of $3,000 recovered for such injury this appeal is prosecuted.

The cause was submitted to a jury without instructions asked or given, and we are unable to discover any error of law in the record. Indeed the appellant does not claim that

error, as a matter of law, was committed, unless the argument that the evidence shows exercise of no due care and diligence on the part of the appellee, be so considered.

The evidence disclosed fully all the circumstances connected with the operation of the crane, the method of applying the crank to the shaft, and of retaining it in place, the sufficiency of such methods, the fact that the foreman knew the crank had slipped off on former occasions but the appellee did not know that fact, and how it was the injury occurred.

What is due care, like what is negligence, is a question of fact and not of law. Lavis v. Wisconsin Central Company. (No. 5066, this court, filed April 30, 1894.) *Post.*

It was a question of fact for the jury to determine from the evidence whether or not the appellee was in the exercise of due care for his own safety at the time he was injured. R. R. Co. v. Bailey, 43 Ill. App. 292.

" We have repeatedly held that it is a question of fact to be determined by the jury from the evidence, and not a question of law, whether an injured party has exercised ordinary care for his safety and to avoid injury." Ry. Company v. Johnsen, 135 Ill. 641.

It is only where the conclusion of a want of due care so necessarily results from the facts that all reasonable minds would so pronounce it without hesitation, that the court may say that such facts, as a matter of law, fail to establish diligence by one bound to observe due care.

If fair-minded men may well differ as to the correct conclusion to be drawn from a state of facts, then it is the province of the jury, and not of the court, to determine whether either care or diligence was exercised. Ry. Company v. Johnsen, *supra;* Ill. Cent. R. R. Co. v. Nowicki, 46 Ill. App. 566.

The only question that has been argued having been passed upon by the jury adversely to the appellant, and no error of law being discovered, the judgment of the Superior Court must be affirmed, and it is so ordered.