## Calumet Electric Street Railway Company v. John P. Christenson.

1. NEGLIGENCE—*Driving on Street Car Track.*—The court can not say, under the circumstances of this case, that it was negligence to drive a wagon on the street car track in the same direction that a car would travel.

2. VERDICTS—*On Questions of Fact Conclusive.*—The finding of the jury in this case is a conclusion on a question of fact which the court may not set aside.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

Mann, Hayes & Miller, attorneys for appellant; Judson F. Going, of counsel.

B. F. Chase and F. H. Novak. attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

November 8, 1893, about six o'clock p. m., the evening being very dark and foggy, the appellee was riding in a wagon loaded with furniture, the wagon going in the track of the appellant upon a street of Chicago, so far from the business centre that of any other city it would be in the outskirt, or outside, of the city.

The street itself was of that character that a wagon so loaded, traveling in the dark, must go in the car track to avoid being wrecked.

A car of the appellant running, when the wagon was first seen ten feet off by the motorman, at a speed of seven miles an hour, ran into the wagon and the appellee sustained personal injuries for which in this suit he has recovered $1,350.

A court can not say that it was negligence to drive the wagon in the car track, in the same direction that a car would travel, though the night was dark.

If the jury found that the driver might rightly assume that under such circumstances the car, if one was following, would be run at a speed so slow that the motorman would be able to stop it, and would stop it, before striking anything made visible to him by the headlight, the court can not say that the jury was wrong on that question of fact; that is, whether such assumption was negligence. And the finding of the jury that not having the car so under control was negligence by the appellant, is also a conclusion on matter of fact which the court may not set aside. The criticism upon an instruction is answered by the remarks of the Supreme Court on " hypercriticism," in L. S. & M. S. Ry. v. Johnsen, 135 Ill. 641; commented upon in Springfield City. Ry. v. Clark, 51 Ill. App. 626.

The damages do not seem excessive. The judgment is affirmed.