# West Chicago St. R. R. Co. v. Catherine Egan, Adm'x.

1. WORDS AND PHRASES—"*At the Time of the Accident.*"—An instruction in a personal injury case requiring ordinary care " at the time of the accident" is not objectionable as restricting the exercise of ordinary care to the moment of the injury, but should be held to refer to the entire transaction.

2. NEGLIGENCE—*An Instruction Held Erroneous as Allowing Contributory Negligence.*—In a suit against a street railroad company for alleged negligence in causing the death of a child, an instruction was given informing the jury that although they might believe from the evidence that the deceased, just prior to her death, was placed in a dangerous situation through her own or her mother's negligence, yet if they further believed from the evidence that her dangerous situation might by the exercise of ordinary care have been known to an employe of the defendant in charge of the car causing the injury, and that, after such dangerous situation could have been known by said employe by the exercise of ordinary care, he could have avoided the injury to said child by the exercise of ordinary care, then the jury should find the defendant guilty. *Held*, that the instruction was erroneous, in that it relieved the mother of the deceased from the results of contributory negligence on her part.

**Trespass on the Case,** for personal injuries.   Appeal from the Circuit Court of Cook County;  the Hon. Edmund W. Burke, Judge, presiding. Heard in this court at the October term, 1897.   Reversed and remanded. Opinion filed March 3, 1898.

Alexander Sullivan, attorney for appellant; E. J. McArdle, of counsel.

C. A. Allen and Jas. B. Muir, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the Court.

This suit was brought against appellant for alleged negligence in causing the death of a child, appellee's intestate. Verdict and judgment were obtained by appellee.

The evidence was conflicting, and such as might support a verdict for either litigant.

The only errors assigned, worthy of attention, are as to the giving of the first and second instructions for plaintiff below.

By the first instruction the care required of the child's mother, who was with her at the place and time of the injury, was stated as "at the time of the accident."   It is objected that this is exclusive of a time just prior to the accident, when she might be held to a like exercise of care.   But the objection is disposed of by Lake S. & M. S. Ry. Co. v. Ouska, 151 Ill. 232.

The second instruction is as follows:   "The jury are instructed that although they may believe from the evidence that Jennie Egan, deceased, just prior to her death, was placed in a dangerous situation through her own or her mother's negligence, yet if the jury further believe from the evidence that her dangerous situation was known to the employes of the defendant in charge of the grip car in question, or that it might have been known to said employe by the exercise of ordinary care and prudence, and that after such dangerous situation of said child was known or could have been known by said employe by the exercise of ordinary care, said employe could have avoided the injury and death of said child by the exercise of ordinary care, then the jury will find the defendant guilty."

This instruction, we think, was inaccurate, in that it relieved the mother of the intestate from any result of contributory negligence on her part, not only in case the jury found that the gripman actually saw the child and willfully ran his car upon her, but as well if they found that the gripman did not see her at all, but might, in the exercise of ordinary care, have discovered her dangerous situation, and by such care have avoided the injury. In other words, it left the jury free to find for the plaintiff, although they might find that there was only such negligence by defendant as amounted to a want of ordinary care, and although there was contributory negligence by plaintiff.

In a case where the evidence is conflicting, we can not assume that this instruction may not have worked prejudice to appellant.

The judgment is reversed and the cause remanded.