our practice to justify the interference of an appellate court, with the findings of the court below, when sitting for the determination of facts, or the verdict of a jury. Opinion by McAllister, J. Judge below, Joseph E. Gary. Attorneys, for appellant, Messrs. Willard & Driggs; for appellee, Messrs. C. H. & C. B. Wood, and Mr. A. H. Veeder. Opinion filed Jan. 6, 1886.

No. 67—2181. Nelson Morris v. Lawrence Litchfield et al. This case was before the court on a former appeal, and is reported in 14 Bradwell, 83. The judgment was then reversed and the cause remanded for a new trial. Upon the second trial new and further testimony was introduced on behalf of the plaintiffs, which, if believed by the jury, was sufficient to support the verdict in favor of the plaintiffs, which was found. The question of the credibility of witnesses is so peculiarly a matter within the province of a jury to determine, that appellate courts will not, except in very rare cases, interfere with the verdict. The judgment of the court below is affirmed. Opinion by McAllister, J. Judge below, Elliott Anthony. Attorneys, for appellees, Messrs. Frank J. Smith & Helmer; for appellant, Mr. John C. Richberg. Opinion filed Jan. 6, 1886.

No. 80—2194. The Pennsylvania Co. v. Henry Marshall. This was an action on the case brought by appellee against appellant to recover damages for the death of his son, caused by being run over by a train of appellant's railroad cars in the vicinity of Grove and 18th streets, in Chicago, through the alleged careless and negligent management of the train by defendant's servants. There was a jury trial resulting in a verdict and judgment for the plaintiff for $2,000. The evidence tended to show that the train consisted of twenty freight cars and an engine, and was something over 600 feet long; that the engine, instead of being at the head of the train, was in the rear pushing the train, and there was no flag or other signal at the approaching end of the train to warn passers-by of danger. The court is of opinion that the company was guilty of culpable negligence in backing a long train of cars through a busy part of the city, where people and teams were constantly passing and repassing, without using special precautions, either by having a person stationed on the train or on

the ground or in some other practicable way, to give warning of the approach of the train. No material error is perceived in the instructions as modified and given by the court, and the court is of opinion that the evidence supports the finding of the jury. Opinion Per Curiam. Judge below, Elliott Anthony. Attorneys, for appellant, Messrs. Willard & Driggs; for appellee, Mr. Morton Culver and Mr. Simon P. Douthart. Opinion filed Jan. 6, 1886.

No. 68—2182. Daniel H. Tolman v. Charles W. Requa. This was a suit in assumpsit, brought by Daniel H. Tolman against Charles W. Requa, upon a contract of warranty. A trial was had before the court below without a jury, resulting in a finding and judgment for the defendant. No questions of law were raised at the trial, and the only ground upon which we are now asked to reverse the judgment is, that it is unsupported by the evidence. The guaranty in question is one indorsed upon a promissory note, executed by one Allen, payable to the order of the defendant. In addition to a plea of non-assumpsit, the defendant filed two special pleas, somewhat inartificially drawn, and apparently intended as pleas of fraud and circumvention in obtaining the execution of the note and guaranty. While it is very clear that the facts pleaded do not amount to fraud and circumvention in obtaining the execution of said instruments, the court is of opinion that they are sufficient to show fraud in the consideration as well as want of consideration, and that sufficient facts are stated to make such defenses available against an assignee of the note. The evidence is conflicting, and in some respects confused and uncertain, but the court is of opinion it tended to support the defenses made by the pleas, and warranted the court below in finding the issues for the defendant. Opinion Per Curiam. Judge below, Sidney Smith. Attorneys, for appellant, Mr. John C. Richberg; for appellee, Messrs. Leaming & Thompson. Opinion filed Jan. 6, 1886.

No. 73—2187. C. & N. W. Ry. Co. v. Mary A. Snyder, Adm'x, etc. This was an action on the case, brought by Mary A. Snyder, administratrix of the estate of John H. Snyder, deceased, against the Chicago & Northwestern Railway Company, and the Chicago, Milwaukee & St. Paul Railway Company, to recover damages for the death of the plaintiff's intestate, caused, as is alleged, by the negligence of a servant