THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY
COMPANY

*v.*

MARIE OUSKA, Admx., etc.

*Filed at Ottawa, June 19, 1894.*

1. NEGLIGENCE—*action for damages—due care of plaintiff.* In an action to recover for a personal injury, no recovery can be had unless the person injured used ordinary care to avoid the injury. But whether the person exercised such care, is a question of fact to be determined from the evidence.

2. SAME—*instruction as to the time due care is used.* In an action to recover for a personal injury to the plaintiff's intestate, the court, in instructing the jury in regard to the degree of care required of the deceased, used this language: "If the jury further believe from the evidence that the said O. (the deceased), at the time of the injury, was exercising due and proper care and means to foresee and prevent such injury," etc.: *Held,* that the words "at the time of the injury" could not be held to restrict the exercise of due care to the moment of the injury, but that they had reference to the whole transaction.

3. SAME—*rate of speed of trains—question of fact for the jury.* In the same case, after the court had read the instructions, one of the jurors asked the court: "How as to the rate of speed?" and the court then instructed the jury in writing, "that the rate of speed is a question of fact for the jury." The main question before the jury was whether the deceased lost his life through the negligence of the defendant, and in arriving at a solution of that question, the rate of the speed of the train was a fact, in connection with others, which the jury might properly consider: *Held,* no error in the instruction, and that the jury could not be led to believe from it that they had the right to determine absolutely the rate of speed at which defendant's train might run at the street crossing.

4. SAME—*a question of fact for the jury.* The court can never be called upon to say to the jury that negligence has been established as a matter of law, unless the conduct of the injured person has been so clearly and palpably negligent, that all reasonable minds would so pronounce it without hesitation or dissent.

APPEAL from the Appellate Court for the First District;
—heard in that court on appeal from the Circuit Court of

Cook County; the Hon. Richard W. Clifford, Judge, presiding.

On the 2d day of July, 1890, while Joseph Ouska was crossing the tracks of the Lake Shore & Michigan Southern Railway Company, on State street, near Sixty-third street, he was struck and killed by a passenger train coming from the East. This action was brought by his administratrix to recover for the death.

The declaration contains two counts.

The first count alleges that appellant, by its servants, so carelessly and negligently drove and managed an engine and train that, by and through the neglect of the servants of the defendant, an engine and train struck said Joseph Ouska and killed him while he was crossing State street, in Chicago.

The second count charges appellant with negligence in driving an engine upon State street (a public highway), and charging that, in so doing, no bell, of at least thirty pounds weight, or steam whistle placed on the engine, was rung or whistled eighty rods from said crossing, and kept ringing or whistling until the crossing was reached.

Each count contains an averment of next of kin.

The defendant pleaded the general issue, and on a trial before a jury plaintiff recovered a judgment of $5,000, which, on appeal, was affirmed in the Appellate Court.

Immediately south of Sixty-third street, State street, (which is a public street in the city of Chicago), was crossed in a southeasterly direction by twenty-five railroad tracks, twenty-two of which were owned and operated by the Lake Shore & Michigan Southern Railway Company, the appellant, and three by the Pittsburg, Fort Wayne & Chicago Railway Company. Ouska lived in the northern part of the city, and worked, at that time, at Badenoch's planing mill, which was south of appellant's tracks, near Sixty-fourth street. He, therefore, necessarily crossed the tracks

in going to, and returning from, his work.    At about fifteen minutes before seven o'clock in the morning on the day of the accident, Ouska, in company with five or six other men, arrived at the intersection of State street with these tracks.    Here he was detained for some time by trains on the tracks.    Finally, the seven o'clock whistle at the shops. blew for the men to commence work, when Ouska, and those with him, made an attempt to cross the tracks, and as they were doing so a passenger train of appellant, known as the "South Chicago Dummy," approached at a rate of speed estimated at thirty miles an hour, and as Ouska was crossing the track on which this train was running, he was struck and instantly killed.

Messrs. Gardner & McFadon and Mr. Pliny B. Smith, for the appellant:

The facts connected with the deceased's injury being testified to by eye witnesses, the undisputed facts show a total want of care on the part of the deceased in reference to foreseeing and preventing his injury.    There being a total want of evidence of due care on deceased's part, the trial court erred in giving plaintiff's instructions presupposing evidence of his care.    *Cothran* v. *Ellis et al.*, 125 Ill. 505.

The rule of law is clear, that one who (as did the deceased in this case, as we claim upon the evidence) runs, with a view of crossing a track of a railroad company, ahead of a locomotive moving in rapid motion thereon toward him, and who, miscalculating the distance, is injured in the attempt, is guilty of such contributory negligence that he can not recover for his injury.    *Chicago & A. R. Co.* v. *Fears*, 53 Ill. 115; *Bellefontaine* v. *Hunter*, 33 Ind. 335; *Railroad Co.* v. *Bell, Admr.*, 70 Ill. 108; *R. R. Co.* v. *Houston*, 95 U. S. 697; *Thomas, Admx.*, v. *D., L. & W. R. R. Co.*, 8 F. R. 732; *Hanson* v. *C., M. & St. P. R. Co.*, 83 Wis. 631; *Graff* v. *C. & N. W. R. Co*, 94 Mich. 579; *Lees* v. *Phil. & R. R. Co.*, 154 Pa. St. 46.

The instruction given by the court, in answer to a ques-
tion by a juror, to the effect that the rate of speed was a
question of fact for the jury, was, upon the decision of this
court, clearly erroneous. *C. P. & St. L. Ry. Co.* v.
*Lewis,* 145 Ill. 67.

The instruction given at the instance of the plaintiff was
faulty in allowing a recovery against the defendant, if at
the particular moment of his injury deceased was exercis-
ing due and proper care to foresee and prevent his injury.

This instruction in this case was also faulty, for these
two reasons:

First. That the plaintiff averred that the deceased was
himself in the exercise of due care during the entire time
that he was walking upon and across said crossing on the
public highway there being.

The instruction permitted the plaintiff to make one case
by the declaration and another by the evidence, as to the
time that the deceased was required to exercise care, as a
basis of recovery.

Second. Because, in a case such as is the one at bar, the
obligation of an injured party to observe due care should
extend to all the circumstances connected with the act of
crossing, and should not, as is done by this instruction, be
restricted to the moment of deceased's injury. *I. C. Ry.
Co.* v. *Welden, Admr.,* 52 Ill. 290; *C., M. & St. P. Ry.
Co.* v. *Halsey, Admr.,* 133 id. 248; *C. & E. I. R. R. Co.*
v. *Roberts, Admr.,* 44 Ill. App. 180; *Moony* v. *Pac. R.
Co.,* 68 Mo. 70.

Mr. Jesse Cox and Mr. Gideon F. Lanaghen, for the
appellee:

Negligence can not be conclusively established by a state
of facts, upon which fair-minded men will differ. Unless
the negligence of the plaintiff is proven by such conclusive
evidence, that there can be no difference of opinion as to
its existence upon the mere statement of the facts, the jury
must pass upon it. *L. S. & M. S. Ry. Co.* v. *Johnsen,*

135 Ill. 641; *C. & E. I. R. R. Co.* v. *O'Connor*, 119 id. 586; *T. H. & I. R. R. Co.* v. *Voelker*, 129 id. 540; *Penn. Company* v. *Frana*, 112 id. 398; *C. & I. R. R. Co.* v. *Lane*, 130 id. 116.

The omission of a person approaching a railway crossing to look and listen for a coming train does not necessarily, and as a matter of law, constitute negligence. *T., St. L. & K. C. R. R. Co.* v. *Cline*, 135 Ill. 49; *T. H. & I. R. R. Co.* v. *Voelker*, 129 id. 540; *Penna. Co.* v. *Kean*, 41 Ill. App. 317; *C. & E. I. R. R. Co* v. *Tilton*, 26 id. 362.

It can not be said, as a matter of law, that a person approaching a place of danger must take a particular precaution or measure, or just what a prudent man would do under all circumstances. *C., St. L. & P. R. R. Co.* v. *Hutchinson*, 120 Ill. 587.

The phrase, "at the time of the injury," found in an instruction, has relation to the entire transaction under examination. *C. & A. R. R. Co.* v. *Fisher*, 141 Ill. 625.

The words, "at the time of the injury," as used in an instruction, "refer to the whole transaction or series of circumstances from the time the plaintiff reached the tracks to the time when he was injured," etc. "If this were not so, the defect was cured by several of the defendant's instructions, which required the jury to find that plaintiff was exercising due care both before and at the time of the accident," etc. *L. S. & M. S. Ry. Co.* v. *Johnsen*, 135 Ill. 653; *McNulta* v. *Lockridge*, 137 id. 288.

These cases overrule the prior case cited for appellant of *C. & E. I. R. R. Co.* v. *Roberts, Admr.*, 44 Ill. App. 180, which was reluctantly decided by the Appellate Court; and makes inapplicable the cases of *C., M. & St. P. Ry. Co.* v. *Halsey*, 133 Ill. 248, and *I. C. Ry. Co.* v. *Weldon*, 52 id. 290, cited by appellant.

The alleged error, if any, was, however, fully cured in the sixth instruction given at appellant's request.

The case in this respect is exactly like the case of *L. S. & M. S. Ry. Co.* v. *Johnsen*, 135 Ill. 641.

Mr. Justice Craig delivered the opinion of the Court:

It is first contended, that there was a total failure of evidence to show the observance of due care on the part of the deceased, and the trial court erred in submitting the case to the jury on the instructions. In an action to recover for a personal injury, it is a well settled principle that no recovery can be had unless the person injured used ordinary care to avoid the injury. But whether the person injured exercised ordinary care to avoid the injury, is a question of fact to be determined from the evidence. The same question arose in *L. S. & M. S. Ry. Co.* v. *Johnsen*, 135 Ill. 641, and it is there said:

"The court can never be called upon to say to the jury that negligence has been established as a matter of law, unless the conduct of the injured party has been so clearly and palpably negligent, that all reasonable minds would so pronounce it without hesitation or dissent. Negligence can not be conclusively established by a state of facts upon which fair-minded men will differ. Unless the negligence of the plaintiff is proven by such conclusive evidence, that there can be no difference of opinion as to its existence upon the mere statement of facts, the jury must pass upon it. We have repeatedly held, that it is a question of fact to be determined by the jury from the evidence, and not a question of law, whether an injured party has exercised ordinary care for his safety and to avoid injury." See, also: *C. & E. I. R. R. Co.* v. *O'Connor*, 119 Ill. 586; *T. H. & I. R. R. Co.* v. *Voelker*, 129 id. 540; *Penn. Co.* v. *Frana*, 112 id. 398; *C. & I. R. R. Co.* v. *Lane*, 130 id. 116.

It may be conceded, that there is some evidence in the record which tends to prove that the deceased did not exercise that care and caution which a reasonably prudent person should have exercised to avoid the injury, but when all the facts and circumstances are considered and given

due weight, we think there was enough evidence, tending to establish ordinary care, to submit the question of fact to the jury.

The court gave but one instruction for the plaintiff, and in regard to the degree of care required of the deceased, it contained the following:

"If the jury further believe from the evidence, that said Joseph Ouska, at the time of the injury, was exercising due and proper care, and was using due and reasonable care and means to foresee and prevent said injury," etc.

It is claimed by the defendant, that the words, at the time of the injury, restrict the exercise of due care on the part of the deceased to the moment of his injury. We do not concur in that view. The words, at the time of the injury, as used in the instruction, have reference to the whole transaction, and all that occurred from the time the deceased reached the tracks until he was killed. *L. S. & M. S. Ry. Co.* v. *Johnsen*, 135 Ill. 653; *C. & A. R. R. Co.* v. *Fisher*, 141 id. 625. After the court had read the instructions to the jury, one of the jurors asked the court this question, "How as to the rate of speed?" And the court then instructed the jury in writing, as follows: "The rate of speed is a question of fact for the jury." It is contended that the instruction is erroneous. The main question before the jury, was whether the deceased lost his life through the negligence of the defendant, and in arriving at a solution of that question, the rate of speed of the train was a fact, in connection with other facts, which the jury might properly consider. There was no doubt what the court intended by the instruction, and for that purpose we do not regard it erroneous. We do not think the jury could be led to believe, that under the instruction they had the right to determine absolutely the rate of speed at which defendant's train might run at the crossing, or that they had the right to find any speed negligence that they might

see proper. If the instruction would bear such a construction, it might be held erroneous, but we do not think it could be construed in that way. The judgment of the Appellate Court will be affirmed. *Judgment affirmed.*