CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RY. CO.

*v.*

A. J. KEENAN, Admr.

*Opinion filed April 18, 1901.*

NEGLIGENCE—*due care may be inferred from circumstances shown to exist.* In an action for accidental death the plaintiff has the burden of showing that his intestate was in the exercise of due care for his own safety; but such care need not be established by direct testimony, but may be inferred from all the circumstances shown to exist immediately prior to and at the time of the injury, and in determining such question the jury may consider the instincts prompting to the preservation of life and avoidance of danger.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

A. E. DeMANGE, (JOHN T. DYE, of counsel,) for appellants.

OWEN & OWEN, WELTY & STERLING, and BARRY, MORRISSEY & FIFER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case, brought by the appellee, as administrator, against the appellants, in the circuit court of McLean county, to recover damages for the

wrongful killing of William F. Kerr, his intestate, by
a passenger train at a street crossing in Leroy, in said
county. The negligence charged in the declaration was
a failure to ring a bell or sound a whistle, running at an
unlawful and prohibited rate of speed, and a failure to
approach the crossing with proper care and at a reason-
able rate of speed, the view of the approaching train
being obstructed. The jury returned a verdict in favor
of the appellee for $3500, upon which judgment was ren-
dered by the court, which judgment has been affirmed by
the Appellate Court for the Third District, and a further
appeal has been prosecuted to this court.

William F. Kerr was engaged in farming, and lived in
the country. On the day of the injury he came to Leroy
with a load of corn. After disposing of his corn, in com-
pany with his seven-year-old son he started home in the
empty wagon. He drove west on Cedar street from the
business portion of the town on a slow trot. An incom-
ing passenger train approached from the south-west. By
reason of an embankment, houses, trees and other ob-
structions he did not have a clear view of the train. At
the crossing of the railroad and said street his wagon was
struck by said train and he was thrown out and killed.
There was a conflict of the evidence as to whether a bell
was rung or whistle sounded, as to the rate of speed at
which the train was going at the time it struck the wagon
in which Kerr was riding, as to what extent Kerr's view
of the train was obstructed as he approached the cross-
ing, and as to how near Kerr was to the crossing at
the time the danger signal was sounded by the engineer,
warning him of the approach of the train.

It is first urged by appellants that the court erred in
refusing to instruct the jury to find for the defendants,
on the ground that the evidence failed to show Kerr ex-
ercised ordinary care for his own protection, and that
his conduct in approaching the crossing showed he was
guilty of such gross negligence as to bar a recovery. The

question whether Kerr was guilty of contributory negligence was a question of fact to be passed upon by the jury, and while the burden of proof was upon the plaintiff to show that Kerr was in the exercise of due care for his own safety, it did not devolve upon him to establish such due care by direct and positive testimony, but such due care might be inferred from all the circumstances shown to exist immediately prior to and at the time of the injury, and in determining such question the jury might properly take into consideration the instincts prompting to the preservation of life and avoidance of danger. (*Terre Haute and Indianapolis Railroad Co.* v. *Voelker,* 129 Ill. 540; *Illinois Central Railroad Co.* v. *Nowicki,* 148 id. 29; *Baltimore and Ohio Southwestern Railway Co.* v. *Then,* 159 id. 535; *Chicago, Burlington and Quincy Railroad Co.* v. *Gunderson,* 174 id. 495.) We are of the opinion the court did not err in declining to take the case from the jury.

It is further contended that the first, second and sixth instructions given on behalf of the appellee confined the attention of the jury to the question whether or not the deceased was in the exercise of due care at the precise moment when the train struck him. We do not so understand said instructions. The phrase "at the time in question," as used in these instructions, refers to the conduct of plaintiff's intestate while approaching the railroad as well as while attempting to cross the same, leaving to the jury to determine whether he used due care before he drove upon the track as well as while upon the track. If this were not so, the defect was cured by the third and fifth instructions given on behalf of the appellants, which require the jury to find that the deceased was exercising due care both before and at the time of the accident, both while he was on the track and before he drove upon it.   *Lake Shore and Michigan Southern Railway Co.* v. *Johnsen,* 135 Ill. 641; *McNulta* v. *Lockridge,* 137 id. 270; *Chicago and Alton Railroad Co.* v. *Fisher,* 141 id. 614; *Lake Shore and Michigan Southern Railway Co.* v. *Hessions,* 150 id. 546.

It is also claimed that the following instruction given on behalf of the appellee was erroneous:

"If you find the defendants guilty under the evidence and the instructions of the court, then it is your duty to assess the plaintiff damages, and in assessing the dam- ages you have a right to take into consideration all of the testimony bearing upon that question, and allow such damages as you may deem a fair and just compensation, with reference to the pecuniary injuries resulting from the death of the plaintiff's intestate, to his widow and next of kin; and in estimating the plaintiff's damages you have a right to take into consideration whatever you may believe, from the evidence, the widow and next of kin might have reasonably expected, in a pecuniary way, from the continued life of the intestate."

While this instruction is somewhat involved, we think the jury could not have been misled thereby. It informed them, in fixing the amount of damages they must be con- fined to the pecuniary loss shown by the evidence to have been sustained by the widow and next of kin by reason of the death of the intestate. *Chicago and Alton Railroad Co.* v. *Kelly*, 182 Ill. 267.

Defendants' refused instructions amount only to a statement of the law that before the plaintiff can recover it must appear, from a preponderance of the evidence, that William F. Kerr, just before and at the time of the accident, was using such care and caution for his own safety as an ordinarily prudent and careful man would use to keep himself out of danger, which statement of the law was fully presented to the jury by other instruc- tions given on behalf of the defendants.

We find no error in the rulings of the court upon the method of the examination of the witnesses or the ad- mission or rejection of evidence.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*