## Consolidated Coal Company of St. Louis v. Helene Stein.

1. WILFUL VIOLATION OF STATUTE—*instruction upon negligence erroneous where recovery can only be upon.* It is error to give to the jury an instruction upon the subject of negligence where a recovery is sought and can only be had by virtue of a wilful violation of the statute in question in the case.

Consolidated Coal Co. v. Stein.

2. MEASURE OF DAMAGES—*instruction upon, in action for loss of support, erroneous.* An instruction in such an action as follows :

" In estimating the plaintiff's damages you have a right to take into consideration whatever you may believe from the evidence the plaintiff might have expected in a pecuniary way from the probable earnings of the said Emil Stein at his business or trade, during the residue of his probable life,"—

is erroneous, as the damages must be calculated by the jury with reference to the reasonable expectation of benefit from the continuance of life.

Action for damages for loss of support. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1905. Reversed and remanded. Opinion filed September 8, 1905.

LOUDEN & CROW, for appellant.

SCHAEFER & FARMER and WEBB & WEBB, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee, Helene Stein, brought suit against appellant to recover damages for loss of support by reason of the death of her son Emil Stein, alleged to have been caused by the wilful failure of appellant to comply with certain duties imposed upon it by the statute.

The declaration contains two counts. The first alleged that on April 8, 1903, appellant was operating a coal mine in Madison County, Illinois; that it was the duty of appellant to keep a supply of timber constantly on hand of sufficient length and dimensions to be used as props and cross bars and to deliver the same as required, with the miners' empty cars so that workmen might at all times be able properly to secure the workings for their own safety and that it was the duty of the mine manager always to provide a sufficient supply of props and cross bars delivered on the miners' cars at the usual place, when demanded, as nearly as possible of suitable length and dimensions for the securing of the roof by the miners; that on said date Emil Stein was in the employment of appellant, engaged in mining coal in said coal mine and finding props and cross bars were needed in his room, requested appellant to fur-

nish and deliver him the same of sufficient length and dimensions, so that he might properly secure the said workings for his own safety; that appellant wilfully failed and omitted to deliver to him as required, props and cross bars of sufficient length and dimensions with which to prop his room and make it safe; that by reason of the wilful failure and omission on the part of appellant to furnish and deliver to him props and cross bars of sufficient length and dimensions as required by statute, a large quantity of slate, rock and dirt fell from the roof of the room in which he was working and so injured him that his death ensued shortly afterwards; that Emil Stein left surviving him appellee, his mother, who was dependent upon him and by his death has been deprived of her means of support. The second count is substantially the same as the first but charges only a failure to deliver cross bars, omitting all reference to props.

Clause A of section 16 chapter 93 of the Revised Statutes provides, that the mine manager "shall always provide a sufficient supply of props, caps and timbers delivered on the miners' cars at the usual place when demanded, as nearly as possible, in suitable lengths and dimensions for the securing of the roof by the miners, and it shall be the duty of the miner to properly prop and secure his place with materials provided therefor."

This suit is based upon an alleged wilful failure of appellant to comply with the above provision of the statute. It appears from the proofs that on April 8, 1903, Emil Stein and his brother Herman, were engaged in mining coal in a room in appellant's mine at Staunton, Illinois, when a piece of rotten slate fell from the roof and struck Emil causing injuries which resulted in his death; that it was necessary to have props and cross bars to make the room safe; that Herman Stein some time before the accident had made a demand of the night boss for props and cross bars and that certain props, ten to sixteen in number, were delivered at the mouth of the room at the usual place prior to the accident. Evidence was introduced on the

Consolidated Coal Co. v. Stein.

part of appellee tending to show there were no cross bars among those props and that they were three cornered, crooked and not suitable to make cross bars out of and it is contended by appellee that even if the props or timbers had been of sufficient dimensions to permit of their being manufactured into cross bars, deceased and his brother were not obliged in law to make cross bars out of them as they had made specific demands for cross bars which were not delivered.

On the part of appellant evidence was introduced, tending to show that the props delivered at the mouth of the room of deceased, were suitable for the construction of cross bars; that it was the custom of the mine for the miners to construct cross bars out of the props furnished them with tools provided by themselves for that purpose, for the rooms in which they were working; that there were a number of cross bars already in use in the room in which deceased was working and that they had been prepared out of props by him and his brother. A discussion of the evidence is unnecessary further than to say that the case was an exceedingly close one upon the facts, and it therefore became of great importance that the instructions to the jury should state the law with substantial accuracy.

Instruction number 5 stated that as a matter of law the question whether or not appellant was guilty of the negligence charged in the declaration, or either count thereof, was for the determination of the jury, upon all the facts and circumstances proved in the case. As a matter of fact there was no charge of negligence in the declaration, but the averment was that appellant had "wilfully failed and omitted to deliver to said Emil Stein as required, props and cross bars of sufficient length and dimensions with which to prop his said room," and also that the death of said Emil Stein was caused by the "wilful failure and omission on the part of said defendant to furnish and deliver to said Emil Stein props and cross bars, etc." It was only for wilful failure to perform its duty in the matter referred to that appellant could be held liable under the

declaration or under the statute. By this instruction the jury may have been led to believe that appellee was entitled to recover for ordinary negligence on the part of appellant unaccompanied by wilfulness.

The question whether appellant had wilfully violated its duty was, it is true, one of fact for the jury to be determined from all the facts and circumstances proven in the case, but it was improper to give an instruction which may have misled the jury into believing that they could find against appellant for mere negligence in the absence of wilfulness.

Appellee's instruction number 8 concluded with the following statement concerning the measure of damages: "In estimating the plaintiff's damages you have a right to take into consideration whatever you may believe from the evidence, the plaintiff might have expected in a pecuniary way from the probable earnings of the said Emil Stein at his business or trade, during the residue of his probable life." This instruction did not state the rule of law in regard to the measure of damages correctly. Plaintiff, as mother of the deceased, may have had expectations concerning the probable earnings of her son which were wholly unreasonable and which could form no reasonable basis for a recovery. The authorities relied upon by appellee fail to support the doctrine in regard to the damages laid down in this instruction.

In C., C., C. & St. L. Ry. Co. v. Keenan, 190 Ill. 217, our Supreme Court sustained an instruction which told the jury that in estimating plaintiff's damages "You have a right to take into consideration whatever you may believe from the evidence the widow and next of kin might have *reasonably expected* in a pecuniary way *from the continued life* of the intestate." In C. & E. I. R. R. Co. v. Beaver, 199 Ill. 34, where the deceased was a minor and contributed to the support of his parents and their family, the court sustained an instruction which advised the jury that in assessing damages they were not limited to the consideration of the ability of the deceased to earn wages during his mi-

nority, but they might take into consideration "such reasonable expectation of benefits from the continuation of the life of the deceased, so far as the same should appear from the evidence in the case." The same instruction was approved in C. & A. R. R. Co. v. Kelly, 182 Ill. 267, where the court said, "What the widow and next of kin might reasonably expect would be the same as any other reasonable person might reasonably look forward to as something believed to be about to happen or come and by this test the same question was submitted to the jury as reasonable men to say from the evidence what such reasonable expectation would be."

The damages must be calculated by the jury with reference to a reasonable expectation of benefit from the continuance of the life. City of Chicago v. Keefe, 114 Ill. 222.

It is clear that the instruction in regard to the measure of damages in the case before us departed widely from the rule laid down in the above cases. For the errors in instructions above noted the judgment will be reversed and the cause remanded.

*Reversed and remanded.*