## Jacob Levy, Administrator, Appellee, v. Chicago Railways Company, Appellant.

## Gen. No. 16,130.

1. INSTRUCTIONS—*when as to exercise of due care not narrow.* The requirement that the plaintiff should have been in the exercise of due

care for his own safety "at the time of the alleged accident" does not limit the exercise of such care within too narrow a compass. The expression "at the time of the alleged accident" covers the entire occurrence.

2. INSTRUCTIONS—*when upon due care erroneous in assuming material fact.* An instruction upon the exercises of due care which assumes a material fact in dispute is erroneous and ground for reversal.

3. ORDINANCE—*when repeal not effected.* A subsequent law which is general does not abrogate or repeal a former one which is special and intended to operate upon a particular subject, and if the latter law does not contain negative words it will not repeal the particular provisions of the special law on the same subject, unless it is impossible that both should be enforced.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the HON. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed February 21, 1912. Rehearing denied March 12, 1912.

JOHN A. ROSE and FRANK L. KRIETE, for appellant; W. W. GURLEY, of counsel.

BRADY & LEVY, for appellee; MATHEW P. BRADY and C. STUART BEATTIE, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

In this action on the case by appellee against appellant to recover damages for wrongfully causing the death of appellee's intestate, a trial by jury in the Superior Court resulted in a verdict and judgment against appellant for $4,000.

The case was submitted to the jury on the first, third and additional counts of the declaration. The first count alleges that on March 14, 1908, appellant was operating a street railway on West Division street and running a car thereon for the carriage of freight, which car was proceeding in a westerly direction towards and near the crossing of said West Division street with North Ashland avenue; that

then and there while the decedent, a minor, eleven years of age, was crossing with all due care, said street at said intersection, appellant by its servants so carelessly and negligently ran, drove, managed, operated and controlled said car, that thereby the said car ran against and struck the decedent, etc. The third count charges a breach of sections 1963 and 1964 of the Ordinances of the city of Chicago, which require each and every car, operated upon any street railway, to be equipped with fenders of steel of the basket kind, substantially attached to the front end of said car, provided, that where cars are operated in trains, or where such car is attached to a grip car or other such car such fender need only be provided upon the grip or front car of such train; and further charges that the decedent while crossing West Division street a short distance west of North Ashland avenue, and while exercising due care for his safety, was struck by the foremost car and run over and killed. The additional count charges that there was then in full force and effect in said city of Chicago, a certain ordinance, known as section 1970, which provided, in substance, that every conductor, gripman, motorman, or other person having charge of any street car shall, when approaching any cross street, occupied by street railway tracks, which intersect those on which such street car is being operated, bring such car to a full stop before arriving at and within ten feet of the nearest intersection line of such cross street; and further charges that on the day aforesaid appellant was operating a certain car, whereof a motorman and conductor had charge, toward North Ashland avenue, which crossed said West Division street and was occupied by street railway tracks which intersected the tracks of said railway upon West Division street, and that appellant by its said servants negligently ran the said car while proceeding westerly,

and in violation of said ordinance, neglected to bring the said car to a full stop before arriving at and within ten feet of the nearest intersection line of North Ashland avenue, and negligently continued to run said car westwardly on said West Division street over and beyond said intersecting street without stopping, whereby the decedent while crossing said West Division street a short distance west of the west line of North Ashland avenue, and in the exercise of due care, and while said car was being run westwardly, was struck, etc.

Early in the afternoon of the day decedent was killed, he, together with several other boys, were skating with roller skates on the sidewalk and pavement on West Division street, a short distance west of its intersection with North Ashland avenue. The train which struck decedent consisted of two freight or construction cars, whereon material was being hauled on the north or westbound track in West Division street. There is a sharp conflict in the evidence relating to the precise point in West Division street where the decedent was struck. Witnesses for appellee fix the point as being twenty-five feet west of North Ashland avenue, while the witnesses for appellant fix the point as being seventy-five feet west of said avenue. The evidence is also sharply conflicting upon the questions as to the speed at which the train was running; whether or not the front end of the front car was equipped with a fender; whether decedent was struck by the front or the rear car; whether or not the train stopped on West Division street east of its intersection with North Ashland avenue, which was occupied by street car tracks running north and south; whether or not any gong was sounded as the train ran west; and whether or not the decedent was in the exercise of due care for his safety at and prior to the time he was struck. All of these questions were properly

submitted to the jury, and the court did not err in refusing to give the peremptory instructions tendered by appellant.

The most serious issue of fact present in the case under the evidence relates to the question of decedent's care for his safety.

The second instruction given at the request of appellee informed the jury that the decedent was not bound to exercise extraordinary care and prudence or the highest degree of care and prudence to avoid injury, but that he was only required to use such care ordinarily to be expected of one of his age, discretion, intelligence and experience under the same or like circumstances shown by the evidence to have existed at the time of the accident. The instruction is a substantially accurate statement of the law. The requirement that the deceased should have been in the exercise of the degree of care mentioned, "at the time of the alleged accident," does not limit the exercise by the decedent of the requisite care for his safety within too narrow a compass. The expression "at the time of the alleged accident" covers the entire occurrence. Krieger v. A. E. & C. R. R. Co., 242 Ill. 544.

The fourth instruction given at the instance of appellee is as follows:

"If you believe from the evidence that the street railway on Division street was crossed by another street railway laid on Ashland avenue, and that the car or train by which it is alleged the deceased was killed was upon the railway on Division street, and that the said car or train was, just before the accident, east of the intersecting Ashland avenue track, and proceeding westwardly, then the court instructs you that, under an ordinance of the city of Chicago in force before and at the time of the accident, the defendant was required and it was its duty to bring said car or train to a full stop at and before crossing

said Ashland avenue; and, if you further believe from the evidence that the said car was not brought to a full stop at and before crossing said intersection at Ashland avenue, but without stopping continued westwardly across said Ashland avenue up to the place where the accident happened; and if you also believe from the evidence that the deceased started to cross said Division street just as said car arrived at the crossing at Ashland avenue and Division street, then you are instructed that he had the right to assume that the said car would come to a full stop at and before passing over the said crossing; and you may take such right into account in considering whether or not the deceased was in the exercise of due care before and at the time of the accident in question, and in considering whether or not the defendant was negligent in operating the said car."

A minor objection to this instruction consists in the direction that if the jury believed from the evidence that the decedent "started to cross Division street just as said car arrived at the crossing at Ashland avenue and Division street," then he had the right to assume, etc. The ordinance provides that the required stop shall be made before arriving at and within ten feet of the nearest intersection line of the cross street. It is possible, if the decedent looked to the east at all and saw the car approaching, he may have looked at the instant after it stopped just within ten feet of the east intersection line of Ashland avenue, and started again to cross said avenue, in which case, the required stop having been made, decedent would not have the right to assume, although the car had then arrived at the crossing, that it would come to a full stop. The vital error in the instruction is that it assumes the decedent saw the car approaching Ashland avenue. As bearing upon the question of due care for his own safety, and the instruction relates wholly to that question, the decedent could not have been influenced to exercise any care upon the as-

sumption that the car would stop, as required by the ordinance, unless he saw the car approaching at a point before it was required to stop. If the conduct of the decedent was not consciously influenced by the fact that he saw the car before it was required to stop, and by his reliance upon the assumption that it would stop as required, the fact that the car did not stop could have had no possible bearing on the question of his due care.

The ninth instruction tendered by appellant omitted any reference to the danger or to the conduct of appellant, with respect to which the decedent was required to exercise due care, and was properly refused.

The criticisms upon the rulings of the court in relation to the examination of witnesses are not sufficiently meritorious to require discussion.

At the trial counsel for appellant produced an ordinance of the city of Chicago, passed February 11, 1907, authorizing appellant to construct, maintain and operate a system of street railways in the streets and public ways of the City of Chicago, wherein appears the following:

"Fenders." "All cars shall be equipped with efficient and serviceable fender devices, head lights and sand boxes." This ordinance was first offered in evidence to be considered by the court in support of appellant's contention that it operated to repeal the ordinance passed May 20, 1905, declared upon in the third count of the declaration. The ordinance so offered was subsequently withdrawn by appellant, and is not now properly in the record for consideration.

The provision, however, in the ordinance of February 11, 1907, relating to fenders is general in its character, and it does not appear that said ordinance contains any negative words which are operative to repeal

the particular provisions of the prior ordinance of May 20, 1905, on the same subject, declared upon in the third count. Neither does it appear that it is impossible that both ordinances, in so far as they relate to fenders, can be reconciled and enforced. A subsequent law which is general does not abrogate or repeal a former one which is special and intended to operate upon a particular subject, and if the later law does not contain negative words, it will not repeal the particular provisions of the special law on the same subject, unless it is impossible that both should be enforced. Village of Ridgway v. County of Gallatin, 181 Ill. 521.

For the error in giving the fourth instruction tendered by appellee, the judgment is reversed and the cause remanded.

*Reversed and remanded.*