## Charles Bux, Appellee, v. Illinois Central Railroad Company, Appellant.

1. HARMLESS AND PREJUDICIAL ERROR—*when refusal to exclude one of several counts in declaration not prejudicial.* Refusal of the trial court in a negligence action to instruct the jury to disregard a certain count of the declaration is harmless where there are two other counts to which no objection is made which are sufficient to sustain the judgment.

2. RAILROADS—*violation of crossing statute as contributory negligence.* It is not contributory negligence as a matter of law for the driver of a motor truck approaching an "extra hazardous" railroad crossing to bring his truck to a stop seven feet distant from the "stop" sign at such crossing instead of at a point exactly opposite such sign as required by Cahill's Ill. St. ch. 121, ¶ 161, where the sign is fourteen feet distant from the track and there is no evidence that the driver's act in stopping twenty-one feet from the track contributed to the injury.

3. NEGLIGENCE—*sufficiency of instruction as to necessity for due care at time of injury.* An instruction in an action for damages for personal injuries sustained by an automobile truck driver in a crossing accident which authorizes a verdict for plaintiff if the jury find that he was in the exercise of due care for his own safety "at the time of the injury" is not objectionable as limiting him to due care at the exact instant of the collision, especially where other instructions require him to have exercised due care immediately before and at the time of the collision.

4. RAILROADS—*sufficiency of instruction as to care at highway crossing.* An instruction which bound plaintiff in a personal injuries action to prove that he was in the exercise of due care in stopping his motor truck at a "stop" sign before crossing the tracks, and that he exercised care and caution to avoid collision with any passing train, is sufficient.

Appeal by defendant from the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed April 20, 1923. Rehearing denied May 16, 1923. *Certiorari* denied by Supreme Court (making opinion final).

KRAMER, KRAMER & CAMPBELL and R. E. COSTELLO, for appellant; JOHN G. DRENNAN, of counsel.

Bux v. Illinois Central R. Co., 229 Ill. App. 50.

EUGENE W. KREITNER, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellee recovered a judgment for personal injuries received in a collision between an auto truck driven by him and appellant's "Flyer" at a public crossing just south of the Village of Freeburg. In the first count of his declaration he charged general common-law negligence in the operation of the train. The second charged statutory negligence in failing to ring a bell or sound a whistle as required by law. The third that appellant permitted certain of its cars to remain upon a switch east of its main tracks in such a position as to obstruct the view of a traveler approaching the crossing from the east. All of the counts averred that appellant's train was engaged in interstate commerce. A special plea sought to show that appellee, his employee and appellant were under the Workmen's Compensation Act, but a demurrer thereto was properly sustained for the reasons stated in *Goldsmith v. Payne,* 300 Ill. 119.

The highway runs east and west and crosses the railroad at about right angles. Another highway parallels the railroad on the east from Freeberg to the said east and west highway, the former turning into the latter about twenty-one feet east of the southbound main track. At the point where the highways come together the surface of the ground is about twelve feet lower than the railroad tracks. The crossing had been designated as "extra hazardous" by the Public Utilities Commission and pursuant to its order "stop" signs had been placed on each side about fourteen feet from the tracks. Appellee procured a load of water at a plug east of the railroad and some distance north of the crossing. After obtaining the water he drove south along the highway parallel to the railroad until he reached the east and

west highway. He says that he came to a dead stop at the turn in order to shift his gear and that he looked for trains and that after he made the turn to the west and was going toward the crossing he was looking to the north to see if any train was coming but saw none until he was upon the track and just about the time he was struck. The undisputed evidence is that the train was running at forty-two to forty-five miles per hour as it approached and passed over the crossing. The fireman was putting in coal and did not see appellee. The engineer was on the west side of the cab and did not see appellee until the time of the collision. Boarding cars were on the switch east of the main tracks and north of the crossing which obstructed the view of a traveler coming from the east.

There is no claim by appellant that the whistle was sounded continuously for eighty rods before the crossing was reached. The engineer says he gave two long and two short blasts. There is the usual conflict in the testimony as to whether a bell or whistle was sounded. The engineer and fireman testified that the bell was ringing for more than eighty rods before the crossing was reached. The statute says that the bell should be of at least thirty pounds weight, but we find no evidence as to the weight of the bell on the engine in question. Proof of that fact would probably be required of appellant before it could claim that it had complied with the law. *Great Western R. Co. v. Bacon,* 30 Ill. 347.

It is argued that the court erred in overruling appellant's motion to exclude the third count of the declaration and in refusing to instruct the jury to find it not guilty as to that count. The improper refusal to instruct the jury to disregard certain counts in a declaration is harmless error where there is one good count to which the evidence is applicable and which is sufficient to sustain the judgment. *Consolidated*

*Coal Co. v. Scheiber,* 167 Ill. 539; *Swift & Co. v. Rut-kowski,* 182 Ill. 18. Counsel find no fault with the first and second counts.

It is argued that the court should have directed a verdict in favor of appellant because of the alleged fact that appellee did not stop immediately opposite the "stop" sign in violation of Cahill's Ill. St. ch. 121, ¶ 161. The sign is about fourteen feet east of the track and the evidence shows that appellee came to a full stop at the turn in the road about twenty-one feet east of the track or about seven feet east of the sign. The case was tried on the theory that if appellee failed to stop at the sign he was guilty of contributory negligence as a matter of law. We think it would be unreasonable to hold that he must prove that he stopped directly opposite the sign and, failing to do so, that he was guilty of such negligence, as a matter of law, as would bar a recovery. *Moore v. Hines,* 221 Ill. App. 589.

Ordinarily the mere fact that a plaintiff was violating an ordinance or a statute at the time of his injury is not sufficient, as a matter of law, to preclude a recovery. He may be negligent in that regard but, usually, it is for the jury to say whether his negligence contributed to his injury. *Lake Shore & M. S. Ry. Co. v. Parker,* 131 Ill. 557; *Star Brewery Co. v. Hauck,* 222 Ill. 348; *Flynn v. Chicago City Ry. Co.,* 250 Ill. 460-465; *Osborn v. City of Mt. Vernon,* 197 Ill. App. 267; *Crawford v. Chicago & A. R. Co.,* 226 Ill. App. 138. The mere fact that a defendant was violating a statute or ordinance does not create a liability, but it must further appear that such negligence was the proximate cause of the injury.

The same rule applies to the plaintiff. In *Flynn v. Chicago City Ry. Co.,* 250 Ill. 460, at page 465, the court said: "In view of these facts we are of the opinion that it was proper to make proof that the vehicle in which the parties, at the time of the acci-

dent, were riding, was being driven upon the street in violation of law, which proof would have raised the presumption that all the occupants of the buggy were, as a matter of law, guilty of negligence, which negligence, if it was the proximate cause of the injury, would defeat a recovery." See also, *Lerette v. Director General of Railroads*, 306 Ill. 348; *Jeneary v. Chicago & I. Traction Co.*, 306 Ill. 392.

It is true, no doubt, that cases may arise where the violation of a statute or ordinance would be held to be contributory negligence, as a matter of law, but we are of the opinion that under the circumstances of this case it would be a question of fact for the jury even if it were shown that appellee did not stop at the "stop" sign. The court did not err in refusing to direct a verdict.

We are of the opinion that the objections urged to appellee's first instruction are not well taken. It is argued that his second instruction is bad because it did not inform the jury as to the place where the duty of sounding the bell or whistle would begin. The omission might be serious if the instruction stood alone. The third instruction, however, fully informed them as to what the law requires in that regard and we do not think the jury could have been misled. The second does not conflict with any other instruction and its omission is cured by the third.

Counsel argue that the worst fault with the second instruction is that it told the jury that appellee might recover under the facts stated if he was in the exercise of ordinary care for his own safety *at the time of the injury*. The claim is made that the words "at the time of the injury" limited his duty to exercise due care to the instant of the collision. We cannot agree with that contention. In *Krieger v. Aurora, E. & C. R. Co.*, 242 Ill. 544, at page 551, the court said:

"It is said, on the other side, that the defendant

fell into the same error by requiring the exercise of care 'at the time of the injury,' but that language does not limit the requirement to the time while the plaintiff was on the track and it includes the whole occurrence. *Knox v. American Rolling Mill Corp.*, 236 Ill. 437.'' The words ''at the time of the injury'' do not restrict the exercise of due care to the moment of the injury but have reference to the whole transaction. *Lake Shore & M. S. Ry. Co. v. Ouska*, 151 Ill. 232. To the same effect are *Lake Shore & M. S. Ry. Co. v. Johnsen*, 135 Ill. 641; *McNulta v. Lockridge*, 137 Ill. 270.

It has been held that instructions advising the jury that it was sufficient if the plaintiff was in the exercise of ordinary care ''at the time of the alleged accident,'' ''at the time of the occurrence of the injury complained of,'' ''at the time of driving across,'' and ''while driving across'' defendant's tracks, and ''at the time he was killed'' do not limit the exercise of due care within too narrow a compass, but include the time leading up to the accident and cover the entire occurrence. *Hornung v. Decatur Ry. & Light Co.*, 241 Ill. 128; *Levy v. Chicago Rys. Co.*, 167 Ill. App. 527; *Hall v. Chicago & A. R. Co.*, 208 Ill. App. 102; *Butters v. Chicago, B. & Q. R. Co.*, 157 Ill. App. 369.

It has also been held that the words ''at the time in question'' include the whole occurrence leading up to the accident, while approaching as well as while attempting to cross the tracks. *Cleveland, C., C. & St. L. Ry. Co. v. Keenan*, 190 Ill. 217-219. In any event the jury could not have been misled by the instruction under consideration because they were told by appellant's fifth instruction that if appellee was not exercising reasonable care and caution for his own safety immediately before and at the time of the alleged injury they should find the defendant not

guilty.   *Cleveland, C., C. & St. L. Ry. Co. v. Keenan, supra.*

It is argued that appellee's third instruction is bad because it assumed that appellee stopped at the "stop" sign.   Counsel are in error, in that regard, because it clearly required the jury to believe that fact from the evidence.   It is also contended that this instruction limited appellee's exercise of due care to the exercise of care and caution to avoid collision with any passing train and to the stopping of his truck at the stop sign.   If he was required to prove that he used due care, in those respects, as counsel concede, we are at a loss to understand what more he should be required to prove in order to show that he was in the exercise of reasonable care for his own safety.

We would not be warranted in holding that the verdict is so manifestly against the weight of the evidence that it should not be allowed to stand.   Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*