Mary Ann Norton, Administratrix of the Estate of John S. Norton, deceased, Plaintiff-Appellee, v. Amer Cook, Defendant-Appellant.

Gen. No. 10,113.

Third District.

August 21, 1957.

Rehearing denied September 30, 1957.

Released for publication September 30, 1957.

Morgan, Pendarvis and Morgan, of Peoria, for defendant-appellant.

Melvin O. Moehle, of Washington, and Heyl, Royster and Voelker, of Peoria (William J. Voelker, Jr., of Peoria, and Melvin O. Moehle and Edward C. Moehle, of Washington, of counsel) for plaintiff-appellee.

JUDGE REYNOLDS delivered the opinion of the court.

This case arises out of a collision on U. S. Route 24, one mile east of Washington, Illinois, on January 2, 1954, between a motor vehicle operated by one John S. Norton, the plaintiff's intestate, and another motor vehicle operated by one James Sprinkle. The plaintiff's intestate was killed in the collision. The suit was brought against Amer Cook, who was operating a truck with a mounted corn sheller and pulling a trailer referred to as a cob wagon. The cob wagon was about seven feet wide and eight feet high. There were no lighting devices on the rear of the cob wagon. The defendant Amer Cook had been shelling corn at the farm of Raymond Guth, which is approximately three miles east and north of where the accident occurred. About 4:30 p.m., having finished the corn shelling operation on the Guth farm, the defendant drove south to U. S. Route 24 and then proceeded west on said route toward Washington, Illinois. He was driving west, and the plaintiff's intestate was driving west. At a point about one mile east of Washington, Illinois, while the defendant was in the proper lane and at approximately 5:00 o'clock p.m., he passed or was passing the vehicle of James Sprinkle, who was driving east on Route 24. The evidence is fairly clear that Sprinkle was driving at about 30 to 35 miles per hour.

The evidence is reasonably clear that the Amer Cook truck with the cob wagon behind it was moving at about 25 miles an hour. The evidence as to the speed of the car of the plaintiff's intestate was that he was driving somewhere between 50 and 100 miles an hour. The evidence further shows that when the plaintiff's intestate was about three car lengths behind the Cook truck, he turned into the east bound or south lane of the highway where he collided head-on with the Sprinkle automobile and received the injuries which caused his death. Sprinkle was not made a defendant in the suit, but the complaint was against Cook on the grounds that the defendant Cook failed to keep a proper lookout for traffic proceeding in a westerly direction; failed to keep proper control of his truck and trailer; and operated his truck and trailer upon a public highway while the truck and trailer did not contain lights, and that as a direct and proximate result of one or more of said acts, the defendant's motor truck and trailer was not visible to the plaintiff's intestate and caused him, in attempting to avoid a collision with the Cook vehicle, to collide with the car operated by Sprinkle. Trial was had before a jury and the jury returned a verdict for the plaintiff and against the defendant for $20,000. From that judgment the defendant appeals to this court.

The defendant sets up as grounds for appeal, the following:—1. The complaint does not state a cause of action against the defendant and will not sustain the judgment. 2. The verdict of the jury is contrary to the manifest weight of the evidence. 3. The court erred in permitting plaintiff to prove Amer Cook was arrested for not having proper lighting on his vehicle; and 4. The court erred in giving the jury plaintiff's instructions Nos. 7, 8 and 11.

 The first point raised by the defendant, that the complaint as amended, does not state a cause of action against the defendant and will not sustain the

judgment was raised in the trial court and denied by that court. The point was not raised in the post-trial motion of the defendant and although in the defendant's brief, was not argued in the oral argument before this court. The sole question in a matter of this kind is not whether the complaint is imperfect or defective, but whether or not it stated sufficient facts that are essential to the right of action. If, with all intendments in its favor, a complaint wholly and absolutely fails to state any cause of action at all, objection can be made to it at any time, either in the trial court or the Appellate Court. Gustafson v. Consumers Sales Agency, 414 Ill. 235. All that is necessary in the statement of a plaintiff's claim in a declaration is a clear and concise statement, couched in simple language, of sufficient ultimate facts to show a liability on the part of the defendant to the plaintiff. Lincoln Park Coal and Brick Co. v. Wabash Ry. Co., 338 Ill. 82; Lasko v. Meier, 394 Ill. 71. In the case of Parrino v. Landon, 8 Ill.2d 468, it was said: "Our decisions in Wagner v. Kepler, 411 Ill. 368, and Gustafson v. Consumers Sales Agency, Inc., 414 Ill. 235, although containing factual differences, reflect the recent trend of all courts to make form inferior to substance. We believe both justice and reason command the conclusion that such pleading as gives enough information to indicate a ground for liability is sufficient to support a judgment." The case of Warnes v. Champaign County Seed Co., 5 Ill.App.2d 151, lays down the rule that "the primal object in pleading is to produce an issue affirmed on one side and denied on the other and the trial is had to determine the issue thus made." In the light of the tendency of our courts toward a liberal construction of pleading, this court must hold that the complaint is sufficient to apprise the defendant of the nature of the charge against him and the matters he is called upon to defend. Here the defendant is charged

with failure to properly keep proper control of his truck and trailer upon the highway; that it did not "contain" lights, and was not visible to the plaintiff's intestate, and that the actions of the defendant caused the death of the plaintiff's intestate. It is true that the complaint could very easily have been more specific and concise. But we believe there were sufficient charges in the complaint to produce an issue.

■ ■ The second point urged, namely that the verdict is contrary to the manifest weight of the evidence, raises a question of fact. This court has repeatedly held that it will not interpose its judgment for that of a jury, which has the opportunity to see and hear the witnesses, unless the verdict of the jury is clearly and palpably erroneous. Warnes v. Champaign County Seed Co., 5 Ill.App.2d 151. In this case, one of the controlling questions of fact is whether or not the light was sufficient to drive upon the highway without lights. There are a number of witnesses who stated positively that the light was good enough for them to see long distances and distinguish at long distances, objects such as the cars involved in the wreck, and other objects. Other witnesses testify that the visibility was poor and that it was almost dark. With the evidence in conflict, this court is not disposed to interpose its judgment for that of the jury in the trial court, or to say that the verdict is clearly and palpably erroneous.

■ ■ The third and fourth points raised by the appeal, namely that improper evidence was admitted, and that improper instructions were given, present questions that might justify reversal. A jury in passing upon a question of fact should only consider and be permitted to consider, proper evidence, and if there are admitted into evidence matters which are improper, no one can say with certainty whether or not the jury took into consideration the improper evidence or im-

proper matters in reaching their verdict. This is equally true as to instructions. The instructions must be correct and in accordance with the law governing.

As to the third point raised in the appeal, the defendant contends that the admission of the evidence showing the arrest of Cook, his plea of guilty in the court of the justice of the peace, and the fine imposed, was improper. Without examination of the authorities, this court cannot consider this ground for the reason that it was not raised by the defendant in his post-trial motion, and under our procedure cannot be raised now. Thomas v. Smith, 11 Ill.App.2d 310; Kooyumjian v. Stevens, 10 Ill.App.2d 378; Morton v. Louisville & N. R. Co., 8 Ill.App.2d 474.

The fourth point raised in the appeal is that the trial court erred in giving the jury plaintiff's instructions Nos. 7, 8 and 11. Plaintiff's instruction No. 7 was in the following words:

"The Court instructs the jury that in order to find the plaintiff's decedent, John Norton, guilty of contributory negligence, you must believe from the evidence that the plaintiff's decedent, John Norton, failed to exercise that care which the law requires, and he is only required by law to exercise such care as an ordinarily prudent man possessing ordinary intelligence would exercise under circumstances similar to these surrounding plaintiff's decedent, John Norton, at the time of the injury, and if you believe from the evidence that the plaintiff's decedent in driving his vehicle along Route 24 exercised that care to avoid danger that a person of ordinary prudence and similar intelligence would exercise under the same or similar circumstances, then you should find the plaintiff's decedent, John Norton, was not guilty of contributory negligence."

The contention of the defendant on this point is that the instruction is peremptory in form and being per-

emptory must accurately set forth every element which must be present in order to warrant the conclusion; that the instruction excludes from consideration by the jury the issue whether the plaintiff's decedent may have been guilty of getting himself into a place of danger. The defendant cites in support of this position the case of Edwards v. Hill-Thomas Lime & Cement Co., 378 Ill. 180, which held that an instruction that the plaintiff was bound only to use that care which a reasonable person would have used "in the situation in which the plaintiff was placed as shown by the evidence," was reversible error on the ground that such an instruction ignored the question of whether or not the plaintiff was guilty of contributory negligence in placing himself in that situation. Also cited by the defendant is the case of Alexander v. Sullivan, 334 Ill. App. 42. In that case an instruction using the words "at the time and place in question" was held bad. Earlier cases hold that an instruction using the words "at the time of the injury" is proper. In the case of Lake Shore & Michigan Southern Ry. Co. v. Ouska, 151 Ill. 232, the instruction complained of used the identical words used in plaintiff's instruction No. 7 in this case, namely, "at the time of the injury," and that court said: "The words, at the time of the injury, as used in the instruction, have reference to the whole transaction, and all that occurred from the time the deceased reached the tracks until he was killed." In the case of Cleveland, Cincinnati, Chicago and St. Louis Ry. Co. v. Keenan, 190 Ill. 217, the instruction complained of used the words "at the time in question" and the court held the instruction good. In the case of Hornung v. Decatur Ry. & Light Co., 241 Ill. 128, the language questioned was "while driving across the defendant's street car track," and the court in that case, in approving the instruction referring to the case of Lake Shore and Michigan Southern Ry. Co. v. Ouska, 151 Ill. 232, said:

"That case has frequently been approved," and cited Chicago and Alton Railroad Co. v. Harrington, 192 Ill. 9; St. Louis National Stock Yards v. Godfrey, 198 Ill. 288; Pittsburg, Cincinnati, Chicago and St. Louis Railway Co. v. Robson, 204 Ill. 254.

And in the case of Bux v. Illinois Central R. Co., 229 Ill. App. 50, the use of words such as "at the time of the alleged accident," "at the time of the occurrence of the injury complained of," "at the time of driving across," and "while driving across," were held not to limit the exercise of due care within too narrow a compass, but to include the time leading up to the accident and cover the entire occurrence. And that court continuing, held that the use of words "at the time in question" included the whole occurrence leading up to the accident, while approaching as well as while attempting to cross the tracks.

While there seems to be some conflict in the opinions of our courts on the question, in this case there is another fact that must be considered in passing on the giving of plaintiff's instruction No. 7. Defendant's instructions Nos. 11 and 16 clearly defined the duty of the plaintiff's decedent to use ordinary care to avoid injury to himself or his property, "just before and at the time of the occurrence in question." Defendant's instruction No. 11, was in the following language:

"It was the duty of the plaintiff's intestate, John Norton, to use ordinary care to avoid injury or damage to himself or his property. If you find from the evidence under the instructions of the Court, that the plaintiff's intestate failed to use such care just before and at the time of the occurrence in question, and if you also find such failure, if any, proximately contributed to such occurrence, then the plaintiff's intestate, John Norton, was guilty of contributory negligence and the plaintiff cannot recover from the defendant whether or not he was himself guilty of

negligence." And the same language "just before and at the time of the occurrence in question" was used in defendant's instruction No. 16.

■ If there was any error in plaintiff's instruction No. 7, the error was cured by the giving of defendant's instructions Nos. 11 and 16, which broadened the scope of the jury's consideration to just before and at the time of the occurrence in question. The jury was instructed by defendant's instructions Nos. 11 and 16 that if the plaintiff's intestate, John Norton, was not exercising reasonable care and caution for his own safety, just before and at the time of the occurrence they should find for the defendant.

The defendant complains of plaintiff's instructions Nos. 8 and 11 on the grounds that they tended to minimize the burden of proof required of the plaintiff, and that they were argumentative. Plaintiff's instruction No. 8 has been approved by a long line of cases, both in the Supreme and Appellate Courts. In the case of Roesler v. Liberty Nat. Bank of Chicago, 2 Ill.App.2d 54, at page 61, the court said: "We find no merit in the complaint made as to Plaintiff's Instruction No. 5, . . . stating that plaintiff need not prove any fact or issue beyond a reasonable doubt (Slovinski v. Beasley, 316 Ill. App. 273)." Plaintiff's instruction No. 11 was approved by Walsh v. Chicago Rys. Co., 303 Ill. 339; Arndt v. Riverview Park Co., 259 Ill. App. 210; Jones v. Esenberg, 299 Ill. App. 551 and Peterson v. Cochran & McCluer Co., 308 Ill. App. 348.

It is difficult for a trial court to give or refuse the many instructions tendered without giving some that are questionable or refusing some that are proper. As said in the case of Fraider v. Hannah, 338 Ill. App. 440; "It is true that certain instructions which are the subject of criticism are not without imperfection, and it is extremely difficult for a trial court to select, modify, and correct a large group of instructions without incur-

ring the risk that some reviewing court has held that the giving of several of the instructions is error, reversible or otherwise."

In this case, taking the instructions as a whole, we believe the jury was fairly instructed and that there is no reversible error in the instructions.

Affirmed.