THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* JOSEPHINE CICERO, Defendant—(MAYE F. EDWARDS, Impleaded, Defendant-Appellant.)

(No. 54410;

First District—June 30, 1971.

Robert P. Brandenburg and Dominick Varraveto, Jr., both of Chicago, for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (Marvin E. Aspen and John S. Elson, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court denying a motion to vacate its order giving the City leave to fill in an excavation on the premises of the defendant, Maye F. Edwards.

The defendant was sued by the City of Chicago in an action in chancery for "Fine and Other Relief." Summons was issued on September 7, 1968, with a return date of September 17. The defendant was actually served on September 13, 1968.

The defendant contends on appeal that the *ex-parte* order of September 17, 1968, is void for want of jurisdiction of the person because the summons was void and, therefore, the order was also void.

The second amended complaint alleged there was an open excavation on the subject property, which was in violation of the Municipal Code of Chicago and

> "That on or about June 4, 1968 AND on numerous other occasions the following violations of the Municipal Code of Chicago existed in said property and said violations have not been corrected:
>
> (a) Said building is now in a dangerous condition and a menace to public safety and is being maintained in violation of Sections 39—12, 41—9, 78—3, and 99—4 of the Municipal Code of Chicago and Chapter 24, Section 11—31—1 of the Illinois Revised Statutes."

Also:

> "That the levying of a fine is not an adequate remedy for the abatement of a nuisance, and that it is necessary that a temporary and permanent injunction issue and a receiver be appointed to bring the subject property into compliance with the Municipal Code of Chicago."

On September 17, 1968, there was an *ex-parte* hearing which the defendant did not attend in person, however she sent a friend who asked the court for a continuance, but not being a lawyer, the request was denied and testimony was heard. The court entered an order on September 24, 1968, as a result of the September 17 hearing, granting leave to the City to fill in the excavation and continued the cause to October 1, 1968, for further hearing. On October 1, counsel for defendant filed his general appearance and the matter was continued until October 22. On October 5, the excavation was filled in.

On October 15, the defendant filed her motion to vacate the order of September 17 (entered September 24). An amended motion to vacate was filed on May 22, 1969. The City filed its reply to the amended motion to vacate, and on June 24, the court denied the motion to vacate.

The defendant argues the judgment order was void for want of juris-

diction of the defendant because the summons required her to appear less than 21 days after issuance of the summons. Supreme Court Rule 101 (b) provides:

> "(1) In an action for money not in excess of $10,000 * * * the summons shall require each defendant to appear on a day specified in the summons not less than 21 or more than 40 days after the issuance of the summons * * *."

Supreme Court Rule 101 (d) provides for summons in all other cases. Supreme Court Rule 101 (e) provides:

> "The use of the wrong form of summons shall not affect the jurisdiction of the court."

■■ The summons was issued on September 7, served on September 13, and had a return date of September 17. The defendant contends the summons was void and could confer no jurisdiction on the court over the defendant and the *ex-parte* order of September 17, 1968, was accordingly void. The only case cited to support this proposition is *Matthews v. Hoff* (1885), 113 Ill. 90. In that case a summons was issued and made returnable to the July term, when the statute in force provided that it should have been made returnable to the August term. The court suggested the summons was invalid and would not confer jurisdiction on the court, but the trial court was found to have jurisdiction on other grounds. *Matthews* is distinguishable from the instant case in that the case at bar is controlled by the current Civil Practice Act. By filing a general appearance, the defendant waived all objections she may have had to jurisdiction.

In *Skarpinski v. Veterans of Foreign Wars* (1951), 343 Ill.App. 271, the court vacated an injunction issued without notice because the situation was not so urgent that there was not time for notice and hearing. However, at page 276, the court stated:

> "The rules of the court permit the court to enlarge or reduce the time of notice prescribed by the rules but even if this were not so, the court would have that power as an alternative to issuing an injunction without notice."

Chapter 69, Section 3, of the Illinois Revised Statutes authorizes the court to issue a preliminary injunction without notice and hearing where it appears from the complaint that "immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon." In *Streamwood Home Builders, Inc. v. Brolin* (1960), 25 Ill.App.2d 39, the court found it within the discretion of the chancellor to issue an injunction without notice:

> "Where the exigency is genuine and not feigned, the danger im-

minent and not remote, the injury real and not imaginary, an injunction may issue without notice."

■■ The legislature recognized the need for prompt action in Chapter 24, Section 11—31—1, cited in the complaint:

"The hearing upon such application to the circuit court shall be expedited by the court and given precedence over all other suits."

Therefore, where a temporary injunction is sought to remedy an imminently dangerous situation, the equity court is not bound to wait for any specified period of time before it can require the defendant's appearance at a hearing to authorize the City to abate hazards which expose the public to risk of injury.

■■ The defendant cannot claim prejudice because she was, in fact, served four days prior to the day of appearance. Supreme Court Rule 101 (b), on which she relies, only requires:

"This summons may not be served later than three days before the day for appearance."

If the defendant had been prejudiced by the mode of service, she should have appeared specially to quash the summons. Not having done so, the objection is waived.

Secondly, the defendant argues the complaint failed to state a cause of action and was vague and ambiguous because the statutes relied on refer to buildings rather than excavations. She complains that "* * * nowhere is the alleged 'open excavation' charged herein to be an illegal use or maintenance of any land or premises, in violation of any particular statute or ordinance."

■■ In order to overturn the court's judgment on the ground that the complaint is void, defendant must show the complaint is not just imperfect or defective, but it wholly fails to state a cause of action. *Norton v. Cook* (1957), 14 Ill.App.2d 390.

■■ The plaintiff suggests the excavation is merely an uncompleted building and, therefore, the sections apply. Section 99—4 is sufficiently broad to encompass an excavation. It provides in part:

"No building, vehicle, structure, receptacle, yard, lot, premises, or part thereof, shall be made, used, kept, maintained, or operated in the city if such use, keeping, maintaining, or operating shall be the occasion of any nuisance, or shall be dangerous to life or detrimental to health."

If the defendant were really confused by the complaint, she could have moved the court to order an amended pleading pursuant to the Illinois Revised Statutes, 1969, ch. 110, sec. 42 (1).

In *Parrino v. Landon* (1956), 8 Ill.2d 468, the court said:

"The law has always favored prompt and fair hearings of issues on their merits and whenever possible has placed practice and procedure in its proper place of secondary importance—as the means employed to accomplish the ends of justice. The law in its wisdom, in order to prevent abuses and unjust surprise, afforded to litigants rights of pretrial discovery, the right to obtain particularization by motion or demand in order to become apprised of anything concerning which there may exist honest doubt."

There was an emergency requiring the filling of the excavation as a safety measure, the defendant was aware of it, had ample notice and opportunity to appear in court, and her rights were fully protected.

For the reasons stated, the order of the Circuit Court is affirmed.

Order affirmed.

ADESKO, P. J., and BURMAN, J., concur.